UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, <br><br> 3180 Fairview Park Drive, Suite 400 <br> Falls Church, VA 22042 <br><br> Plaintiff, <br><br> v. <br><br> SUN-AIR SHEET METAL, INC. <br><br> 3250 Easy Street <br> Fairbanks, AK 99701 <br><br> Defendant. | CIVIL ACTION NO. 1:22-cv-1143 <br><br> **Additional Required Service under 29 U.S.C. § 1132(h) to:** <br><br> **U.S. Department of Labor** <br> **Attn: Assistant Solicitor** <br> **for Plan Benefits Security** <br> 200 Constitution Ave., N.W. <br> Washington, DC 20002 <br><br> **U.S. Department of Treasury** <br> **Attn: Secretary of the Treasury** <br> 1500 Pennsylvania Avenue, NW <br> Washington, D.C. 20220 |

## COMPLAINT

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF" or "Fund"), hereby complains as follows:

### Introduction

1. This is a civil action brought by an employee benefit plan/trust fund, and by the Trustees of the Fund, pursuant to Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451. The Fund seeks a monetary judgment against Defendant awarding delinquent withdrawal liability, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502, 515, and 4301 of ERISA, 29 U.S.C. §§ 1132, 1145, and 1451, the collective bargaining agreement, and the Trust Document governing the Fund.

**Jurisdiction and Venue**

2. Jurisdiction is conferred upon this Court by Sections 502(e), (f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e),(f) and 1451(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), as the Plaintiff Fund is administered in this district with its principal place of business in Falls Church, Virginia.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of United States Department of the Treasury by certified mail on the date of filing.

**Parties**

5. Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this

Complaint. The NPF is administered at 3180 Fairview Park Drive, Suite 400, Falls Church, VA 22042.

6. The Trustees of the Plaintiff Fund bring this action in their collective names or, as necessary or appropriate, in the name of the trust or plan, and its participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

7. At all times relevant to this action, Defendant Sun-Air Sheet Metal, Inc. ("Sun-Air"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Sun-Air has been incorporated in the state of Alaska with a principal place of business at 3250 Easy Street, Fairbanks, AK 99701.

## Factual Background

### A. Defendant's Obligations

8. At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union 23 ("Local 23" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

9. At all times relevant to this action, Defendant was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Defendant was obligated to submit monthly remittance reports and fringe benefit contributions to the NPF for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 23.

10. Pursuant to the Agreement, Defendant is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and policies and procedures adopted by the Board of Trustees ("Trust Document").

B. **Withdrawal Liability**

11. The NPF determined that Defendant had affected a complete withdrawal from the NPF on or about June 1, 2019 within the meaning of Section 4203 of ERISA, 29 U.S.C. § 1383.

12. The NPF sent a notice of withdrawal to Defendant on August 16, 2019, advising that it owed withdrawal liability to the NPF. This notice informed Defendant that provisional withdrawal liability was assessed in the amount of $510,017.30 and that it was amortized, as required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in a payment schedule to 80 quarterly payments in the amount of $9,083.82 each, with the first payment being due November 1, 2019, and final payment due August 1, 2039. Because the amortization period in this case exceeded the maximum 20 years under 29 U.S.C. §1399(c)(1)(B), Defendant's liability was limited to $398,200.96. The provisional withdrawal liability was calculated based on information available to the Fund for withdrawals occurring as of December 31, 2018. As Sun-Air's withdrawal occurred after this date, the notice also informed Sun-Air that a final calculation would be provided once the withdrawal liability valuation and worksheets for 2019 withdrawals became available.

13. On November 1, 2019, the NPF sent Sun-Air a letter informing Defendant that final withdrawal liability had been calculated in the amount of $466,039.80. This final calculation did not alter the capped withdrawal liability amount of $398,200.96 or the payment schedule.

14. In accordance with Section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), Defendant had ninety (90) days from receipt of the initial notice and demand to request a review of the amount of the liability and/or the schedule for the payments. Defendant did not request

4

review.

15. Pursuant to 29 U.S.C. § 1401(a)(1), an employer can initiate arbitration to dispute its withdrawal liability. Defendant did not initiate arbitration in accordance with the Fund's Trust Document and the time to do so has expired.

16. Pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), regardless of whether Defendant chose to request review of the withdrawal liability assessment or initiated arbitration, the first withdrawal liability payment was due on November 1, 2019. Defendant timely made this first payment and made nine total quarterly payments. Defendant failed to make the tenth quarterly payment due February 1, 2022.

17. By letter dated April 21, 2022, the NPF notified Defendant that it failed to make the payment due February 1, 2022 under the amortized payment schedule and provided the opportunity for Defendant to cure the delinquency. The NPF also notified Defendant in this letter that the failure to correct this delinquency within sixty days of receipt of the letter would constitute a default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

18. Pursuant to 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), a party is in default if it has not cured its failure to pay its withdrawal liability installment payments within sixty (60) days following a demand. In the event of default, the plan "may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5).

19. Defendant failed to cure the delinquency within sixty days and also failed to make payments due on May 1, 2022 and August 1, 2022. Defendant is now in default and is liable for the unpaid principal of its withdrawal liability, plus accrued interest on the unpaid amounts owed

from the due date of the first owed payment not timely made.

20. Defendant is also liable for liquidated damages and reasonable attorneys' fees and costs in accordance with the Trust Document and applicable federal law, 29 U.S.C. § 1451(b), (e).

21. The Trust Document provides that interest shall be charged on any amount in default (including accrued interest), from the date the payment was due to the date it is paid. The interest shall be computed and charged at a rate of 0.0205% compounded daily.

22. The Trust Document further provides that in the event of default, an employer is liable to the Fund for attorneys' fees incurred by the Fund from the date of the delinquency forward and costs, and the greater of (1) interest on the delinquent withdrawal liability or (2) liquidated damages in the amount of 20% of the delinquent withdrawal liability.

## Count I
*Withdrawal Liability*

23. Plaintiff realleges and incorporates Paragraphs 1 through 22.

24. This claim arises under ERISA Sections 502(a)(3), (d)(1) and (g)(2), 515, 4219, 4221, and 4301, 29 U.S.C. §§ 1132(a)(3), (d)(1) and (g)(2), 1145, 1399, 1401, and 1451.

25. Defendant has failed to pay amounts owed for withdrawal liability for a period greater than sixty (60) days after notification of failure by the NPF. As a result, Defendant is in default under Section 4219 of ERISA, 29 U.S.C. § 1399(c)(5).

26. As a result of Defendant's failure to cure its default on withdrawal liability installment payments to NPF, Defendant is liable for the full principal amount of the final principal amount of the withdrawal liability assessment (less payments already made) pursuant to the Trust Document and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5) in the amount of $382,022.59.

27. As a result of Defendant's failure to timely remit the withdrawal liability amounts

owed to NPF, Defendant is liable for interest on all late payment amounts according to the Trust Document and Section 4219(c)(5) of ERISA in the amount of $9,087.46 (calculated through October 11, 2022). Interest continues to accrue on these unpaid amounts until the date of payment.

28. As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for liquidated damages in the amount of 20% of the delinquent withdrawal liability according to the terms of the Trust Document and federal law in the amount of $76,404.52.

29. Defendant owes a total of $467,514.57 for its failure to make its withdrawal liability payments.

30. As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for the reasonable costs and attorneys' fees incurred in connection with this action according to the terms of the Trust Document and federal law.

31. Prior to commencing this lawsuit, the NPF sent letters an attempted to directly contact Defendant to obtain the outstanding withdrawal liability from Defendant. Defendant has not cured its default. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligation to the NPF, and pay the delinquent withdrawal liability and liquidated damages and interest on the delinquent withdrawal liability.

**WHEREFORE**, Plaintiff requests a judgment against Defendant for all amounts due to the Fund as follows:

1. Declare that Defendant has defaulted on its withdrawal liability;

2. Enter judgment against Defendant for the entirety of Defendant's withdrawal liability, in the amount of $382,022.59;

3. Enter judgment against Defendant for interest on the delinquent withdrawal liability delinquent contributions at a rate of 0.0205% per day, compounded daily, from the date due until the date paid or the date of the judgment, in the amount of at least $9,087.46.

4. Enter judgment against Defendant for liquidated damages in an amount equal to the greater of interest on the delinquent withdrawal liability calculated at the above rate, or 20% of the delinquent withdrawal liability, in the amount of at least $76,404.52.

5. Enter judgment for all attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts as provided by Section 502(g) of ERISA; and

6. Award such other relief as the Court deems just and proper.

>Respectfully Submitted,
>
>    /s/ John R. Mooney
>John R. Mooney (VA Bar No. 22212)
>Mooney, Green, Saindon, Murphy & Welch, P.C.
>1920 L Street, NW, Suite 400
>Washington, D.C. 20036
>(202) 783-0010
>(202) 783-6088 facsimile
>jmooney@mooneygreen.com
>*Counsel for Plaintiff Fund*

Dated: October 12, 2022

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 12th day of October, 2022, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT WITHDRAWAL LIBALITY, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

    /s/ John R. Mooney
John R. Mooney