# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> SUN-AIR SHEET METAL, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 1:22cv1143 (TSE/WEF) ) ) ) ) ) ) |

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment. (Dkt. 8).[1] For the reasons articulated below, the undersigned United States Magistrate Judge recommends that the Court grant Plaintiff's Motion.

### I. BACKGROUND

**A.    Procedural Posture**

Plaintiff Board of Trustees for the Sheet Metal Workers' National Pension Fund ("Plaintiff" or "the Fund"), filed this lawsuit on October 12, 2022, against Defendant Sun-Air Sheet Metal, Inc. ("Sun-Air"), pursuant to sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1332(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451. (Compl. ¶ 1; Mot. Default J. ¶ 1). The

---

[1] The relevant filings before the Court include Plaintiff's Complaint ("Compl.") (Dkt. 1); Plaintiff's Motion for Default Judgment ("Mot. Default J.") (Dkt. 8); Brief in Support of Plaintiff's Motion for Default Judgment ("Mem. Supp.") (Dkt. 9); Declaration of Kevin Eddis ("Eddis Decl.") (Dkt. 9-1); Declaration of John R. Mooney ("Mooney Decl.") (Dkt. 9-2); Plaintiff's Notice Regarding Amount Due from Defendant (Dkt. 14); and all attachments and exhibits submitted with those filings.

1

Fund seeks to collect a monetary judgment awarding delinquent withdrawal liability, as defined by 29 U.S.C. § 1381, accrued interest, liquidated damages, and attorneys' fees and costs pursuant to ERISA.  (Compl. ¶ 1; Mem. Supp. at 1).

Defendant has failed to appear in this matter or otherwise respond to Plaintiff's Complaint. (Mot. Default J. ¶ 4).  After the Clerk entered default against Defendant on November 23, 2022, Plaintiff filed the instant motion, accompanying memorandum, declarations, and supporting documentation.  (Dkts. 7, 8, 9).  When Defendant failed to appear at the hearing before the undersigned magistrate judge on January 13, 2023, the Court took this matter under advisement to issue this Report and Recommendation.  (Dkt. 13).

B.      **Jurisdiction and Venue**

Before the Court can enter default judgment, it must have (1) subject-matter jurisdiction, (2) personal jurisdiction, and (3) proper venue.

*First*, the undersigned finds that this Court has proper subject-matter jurisdiction.  A federal district court has subject-matter jurisdiction over ERISA actions pursuant to the jurisdictional provisions in 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).  Further, a federal district court has original jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In this case, Plaintiff asserted claims pursuant to ERISA, a federal statute.  (Compl. ¶ 1).  This Court accordingly has subject-matter jurisdiction over the claims in this action.

*Second*, this Court has personal jurisdiction over Defendant.  Due to ERISA's nationwide service of process provision, personal jurisdiction is proper if a defendant has sufficient national contacts with the United States and it comports with the Fifth Amendment.  *See* 29 U.S.C. 1132(e)(2); *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791

F.3d 436, 443–44 (4th Cir. 2015) (citation omitted) ("Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurdiction comports with the Fifth Amendment."); *see also Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. May 15, 1997). As discussed further herein, Plaintiff served Defendant pursuant to Federal Rule of Civil Procedure 4 and ERISA's nationwide service of process provision. (*See* Dkt. 4). Further, Defendant is incorporated in Alaska and its principal place of business is in Fairbanks, Alaska. (Compl. ¶ 8). Therefore, Defendant has sufficient national contacts with the United States, and this Court has personal jurisdiction.

*Lastly*, the undersigned finds that venue is proper in this Court. For ERISA actions, venue is proper in the federal judicial district where the plan is administered. 29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered."). Here, venue is proper because the Fund is administered within the Eastern District of Virginia. (Compl. ¶ 3; Eddis Decl. ¶ 3).

### C. Service of Process

Lastly, before the Court can render default judgment, it must be satisfied that the defaulting parties have been properly served. In this case, on October 21, 2022, Plaintiff's process server served Sun-Air by providing the summons, complaint, and related materials to Donna Robertson, the individual designated to receive service on behalf of Sun-Air. (*See* Mem. Supp. at 7; Dkt. 4). The undersigned finds that Plaintiff's service comports with Federal Rule of Civil Procedure 4(c) and (h)(1)(B) and therefore the Defendant was properly served.

## II. Findings of Fact and Proposed Findings of Law

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the

3

plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. Mar. 26, 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defaulting party is not deemed to admit conclusions of law or "allegations regarding liability that are not well-pleaded." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. Feb. 2, 2011) (internal quotation marks and citations omitted)). Consequently, before entering default judgment, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. Feb. 5, 2003) (citations omitted).

Based on the Complaint, Plaintiff's Motion for Default Judgment and supporting Memorandum, the Declaration of Kevin Eddis, the Declaration of John R. Mooney, and the supporting documents submitted with these filings, the undersigned makes the following findings of fact and proposed findings of law.

### A.  The Parties

Plaintiff is an employee pension benefit plan within the meaning of sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. (Compl. ¶ 5, Eddis Decl. ¶ 3). The Fund is a jointly administered trust fund pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). (Compl. ¶ 5). The Trustees of the Fund are duly authorized and administer the Fund for the benefit of the participants and beneficiaries of the Fund. *Id.* The Fund is administered out of an office located in Falls Church, Virginia, which is within the Eastern District of Virginia. (Compl. ¶ 5). Plaintiff's trustees collectively brought this lawsuit in the name of the its trust or plan on behalf of

their participants and beneficiaries pursuant to Federal Rule of Civil Procedure 17.  (Compl. ¶ 6).

Defendant Sun-Air is a company incorporated in Alaska with its principal place of business in Fairbanks, Alaska.  (Compl. ¶ 7).  Defendant is an employer within the meaning of 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5) and has engaged in an industry affecting commerce within the meaning of ERISA, 29 U.S.C. §§ 1002(11) and (12).  *Id.*

**B.     Defendant's Obligations**

1.     *Defendant's Withdrawal Liability*

At all relevant times, Defendant employed individuals represented by Local Union 23.  (Compl. ¶ 8).  Local Union 23 negotiated and entered into a collective bargaining agreement (the "CBA") with a third-party, effective July 1, 2016 through June 30, 2019.  (Eddis Decl. ¶ 4).  On June 28, 2016, Defendant signed and entered into a compliance agreement with Local Union 23, which obligated Defendant to abide by all of the provisions of the CBA.  (Compl. ¶ 8–9; Eddis Decl. ¶ 4).  Pursuant to the CBA, Defendant is, in turn, obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and policies and procedures adopted by the Board of Trustees (the "Trust Document").  (Compl. ¶ 10; Eddis Decl. Exh. 1, Art. VIII, Sec. 14, Exh. 3, Appendix A, Section 8(d)).

The Fund determined that Defendant had affected a complete withdrawal from the Fund on or about June 1, 2019, pursuant to 29 U.S.C. § 1383.  (Compl. ¶ 11).  The Fund sent notice of withdrawal to Defendant on August 16, 2019, advising Defendant that it owed withdrawal liability.  (Compl. ¶ 12).  Pursuant to 29 U.S.C. § 1381, if an employer withdraws completely or partially from a multiemployer plan, that employer "is liable to the plan in the amount determined under this part to be withdrawal liability."  Specifically, withdrawal liability is the "amount determined … to be the allocable amount of unfunded vested benefits," with required adjustments under the

statute. 29 U.S.C. § 1381(b)(1). The Fund calculated Defendant's withdrawal liability amount and provided notice to Defendant of the Fund's provisional liability assessment and that quarterly payments were to begin November 1, 2019. (Compl. ¶ 12; Eddis Decl. ¶ 8, Exh. 4). On November 1, 2019, the Fund sent Defendant a letter informing Defendant of the calculated final withdrawal liability amount of $466,039.80. (Compl. ¶ 13). This did not alter the payment schedule. *Id.* Under ERISA, Defendant had 90 days from receipt of the initial notice and demand to request a review of the liability amount, 29 U.S.C. § 1399(b)(2)(A), but Defendant did not request any such review. (Compl. ¶¶ 14–15). Nor did Defendant initiate an arbitration. *Id.*

Defendant timely made its first nine quarterly payments. (Compl. ¶ 16). However, Defendant failed to make its tenth quarterly payment that was due February 1, 2022. *Id.* On April 21, 2022, the Fund notified Defendant by letter that it had failed to make the quarterly payment and provided opportunity for Defendant to cure the delinquency. (Compl. ¶ 17). The Fund informed Defendant that a failure to cure within 60 days would constitute a default under ERISA. *Id.*; *see* 29 U.S.C. § 1399(c)(5).

Defendant failed to cure the delinquency within 60 days and failed to make subsequent quarterly payments on May 1, 2022, and August 1, 2022. (Compl. ¶ 19). Therefore, Defendant is now in default and liable for the unpaid principal of its withdrawal liability, as well as related interest, liquidated damages, and reasonable attorneys' fees and costs. Specifically, under ERISA, the CBA, and the Trust Document, damages imposed on an employer who defaults on withdrawal liability include:

(1) The unpaid principal of withdrawal liability;
(2) Interest on the unpaid amounts owed at the rate of 0.0205% per day, compounded daily, starting on the date the amount was due until the date of payment;
(3) Liquidated damages in the amount of 20% of the delinquent withdrawal liability pursuant to the Trust Document; and
(5) Reasonable attorneys' fees and costs incurred by the Fund in pursuing the

delinquent amounts, including this action.

(Compl. ¶¶ 19–22; Eddis Decl. ¶¶ 15–18, Exh. 3, Appendix A, Section 8(d)).

        2.    *Defendant's Default*

The undersigned finds that Plaintiff has sufficiently alleged that Defendant failed to timely make quarterly payments as discussed above. Upon determining that Defendant had effectuated a complete withdrawal, within the meaning of 29 U.S.C. § 1383(a), Plaintiff calculated Defendant's withdrawal liability obligations according to 29 U.S.C. § 1399(c), and Defendant complied with its quarterly payments for several years. However, Defendant ceased making quarterly payments, beginning February 1, 2022. Plaintiff therefore provided notice of the delinquency. Pursuant to 29 U.S.C. § 1399(c)(5), Defendant had 60 days to cure the default. Defendant did not cure the delinquency within the time allotted under ERISA and has missed multiple payments since then. Therefore, the undersigned finds that Defendant is in default on its withdrawal liability.

Because Defendant is in default, Plaintiff is entitled to payment of the unpaid principal of the withdrawal liability, plus interest, liquidated damages, and reasonable attorneys' fees, under ERISA, the CBA, and the Trust Document, as set forth above. Accordingly, the undersigned finds that Plaintiff has properly alleged it is entitled to the following:

(1)    $382,022.59 in unpaid principal of withdrawal liability;
(2)    $16,696.45 in interest calculated at the rate of 0.0205% per day, compounded daily, on all late payments (through January 13, 2023) pursuant to the Trust Document;[2] and
(3)    $76,404.52 in liquidated damages equal to 20% of the delinquent withdrawal liability pursuant to the terms of the Trust Document.

(Eddis Decl. ¶¶ 15–18, Exh. 3, Appendix A, Section 8(d); Dkt. 14). These amounts total $475,123.56. (Eddis Decl. ¶ 18; Dkt. 14).

---

[2] Interest may continue to accrue on the unpaid, late payments until the date of payment. (Eddis Decl. ¶ 16, Exh. 3, Appendix A, Section 8(d)); 29 U.S.C. § 1399(c)(5).

### C. Attorneys' Fees and Costs

Lastly, Plaintiff seeks attorneys' fees and costs in the total amount of $3,218.28 pursuant to ERISA, 29 U.S.C. § 1132, and the Trust Document. (Mem. Supp. at 7; Mooney Decl. ¶ 4; *see* 29 U.S.C. § 1132(g)(2) ("[T]he court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant.").) Plaintiff seeks this amount based on (1) $2,612.00 in attorneys' fees and (2) $606.28 in costs. (Mooney Decl. ¶¶ 5–6).

First, Plaintiff seeks $2,612.00 in attorneys' fees based on 13.9 hours of billable work. (Mooney Decl. ¶ 5). In this matter, a partner billed at a rate of $250.00 per hour pre-litigation and $275.00 per hour during litigation and a paralegal billed at a rate of $140.00 per hour pre-litigation and $150.00 per hour during litigation. *Id.* Counsel spent time researching legal theories, drafting and filing the complaint, arranging for service of process, drafting and filing the clerk's entry of default, and drafting the instant motion and supporting documents. *Id.* In support of this request, Plaintiff's counsel submitted an itemized chart outlining the legal services performed, the attorney who performed the services, and the time spent on each item. (Mooney Decl. Exh. 1). Upon review of the submitted billing entries, the undersigned finds that the number of hours counsel expended on the matter is reasonable. Further, the undersigned finds that the hourly rates are consistent with reasonable rates charged in the Eastern District of Virginia for like matters. (Mooney Decl. ¶¶ 8–9, Exhs. 2–5).

Second, Plaintiff seeks $606.28 in costs, which include (1) $204.28 in process-server fees and (2) $402.00 in filing fees. (Mooney Decl. ¶ 6). Upon review of counsel's submissions, the undersigned finds it appropriate to award Plaintiff's requested attorneys' fees and costs.

### III. REQUESTED RELIEF

As outlined above, Plaintiff requests that the Court (1) enter default judgment against

Defendant, (2) enter judgment against Defendant in the amount of $475,123.56, consisting of:

- $382,022.59 in unpaid principal of withdrawal liability;
- $16,696.45 in interest calculated at the rate of 0.0205% per day, compounded daily, on all late payments (through January 13, 2023);
- $76,404.52 in liquidated damages equal to 20% of the delinquent withdrawal liability;

and (3) grant Plaintiff $3,218.28 in attorneys' fees and costs. (Mem. Supp. at 5; Dkt. 14).

## IV. RECOMMENDATION

Upon review of the entire record in this matter, the undersigned recommends that the Court enter an order (1) granting Plaintiff's Motion for Default Judgment against Defendant Sun-Air; (2) entering judgment against Defendant in the amount of $475,123.56, consisting of Defendant's unpaid withdrawal liability, accrued interest, and liquidated damages; and (3) entering judgment against Defendant for $3,218.28, consisting of Plaintiff's attorneys' fees and costs incurred in pursuing this matter.

## V. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

*William E. Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

May 5, 2023
Alexandria, Virginia

9